James J. Arendt, Esq.     Bar No. 142937
Michelle E. Sassano, Esq.   Bar No. 232368

Weakley & Arendt
A Professional Corporation
1630 East Shaw Ave., Suite 176
Fresno, California 93710
Telephone: (559) 221-5256
Facsimile: (559) 221-5262
James@walaw-fresno.com
Michelle@walaw-fresno.com

Attorneys for Defendants, County of Madera, Madera County Department of Corrections, Madera County Department of Health, Officers V. Le Sage and M. Garrett

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEANNA PAGE, Individually and as the Successor in Interest for LAFAYETTE PAGE, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF MADERA, MADERA COUNTY DEPARTMENT OF CORRECTIONS, MADERA COUNTY DEPARTMENT OF MENTAL HEALTH, CORPORAL J. CAMPOS (2998), CORRECTIONS OFFICERS V. LE SAGE (30407), AND M. GARRETT (30521), CALIFORNIA FORENSIC MEDICAL GROUP, INC. (CFMG), and DOES 1 to 100,<br><br>Defendants. | CASE NO. 1:17-CV-00849-DAD-EPG<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties jointly present this Stipulated Protective Order for the Court's approval.

**1. PURPOSE AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties in this matter have petitioned the Court to enter the following Protective Order. Good cause appearing, the Court ORDERS as follows:

**2. DEFINITIONS**

2.1 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and for which public disclosure is likely to result in particularized harm and violate privacy interests recognized by law. This information may include:

    a. personnel file records of any peace officer;

For purposes of this stipulated protective order confidential personnel records of persons employed by Madera County, includes but is not limited to, documents concerning, relating or referring to: background investigations, hiring, appointment, termination, job performance and evaluations, awards, commendations, and recognition of all professional accomplishments, training, internal affairs investigative files, citizen complaints, charges of misconduct, admonitions, resulting discipline or retraining.

    b. medical records;

    c. social security numbers and similar sensitive identifying information (unless redacted by order or by agreement of all parties).

Except by stipulation or order based on good cause, this information may not include records and information of foundational facts and investigation of the subject incident(s), specifically, the incident(s) involving Lafayette Page on or about May 2015.

2.2 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.3 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.4 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

///

2.5 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.6 <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.7 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.8 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.9 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.10 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.11 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.13 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined in paragraph 4.1), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information:

(a) any information that is in the public domain at the time of disclosure to the Parties or becomes part of the public domain after its disclosure to the Parties as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and

(b) any information known to the Parties prior to the disclosure or obtained by the Parties after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Parties. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the Parties agree otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. BASIS FOR PROTECTIVE ORDER (LOCAL RULE 141.1(c)**

The Parties contend that certain documents that may be requested in discovery are eligible for protection under a protective order, including, but not limited to, information from peace officer personnel files. Under California law, peace officer personnel files are subject to statutory protection by the Peace Officer Bill of Rights (Cal. Gov. Code §3301), the Official Information Privilege, as well as other statutes and doctrines.

5.1. Defendants shall produce the Protected Material, subject to this Protective Order on the following conditions:

/ / /

<u>Redaction of Confidential Information</u>. Considering the privacy concerns contained in the personnel and Internal Investigation Records, Defendants shall redact the personal identifying information (social security numbers, dates of birth, driver's license number, home addresses, telephone numbers, financial and credit histories, medical and psychological information) for defendant officers and non-defendant officers. For victims, witnesses, complainants, inmates, detainees, and arrestees, the last four digits of the social security number, date of birth, driver's license number, home address, and telephone number will be provided without redaction. Defendants shall also redact the identities of domestic violence victims electing to remain confidential under California Penal Code section 293.

5.2 <u>Manner and Timing of Designations</u>. Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Defendants affix " Confidential Material Subject to Protective Order" or "Confidential Material Subject to Protective Order – Counsel Only" (hereinafter collectively "Protected Material") to each page of the protected material.

(b) "Protected Material" shall be defined as documents or information for which the designating party would be entitled to have protected from public disclosure by Court order under Rule 26(c) of the Federal Rules of Civil Procedure and the relevant case law. Protected Material labeled "*Confidential – Counsel Only*" are documents that also contain sensitive personal information, including, for example, personnel records and medical records.

(c) For testimony given in deposition or in other pretrial or trial proceedings, that the Defendants identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(d) For information produced in some form other than documentary and for any other tangible items, that the Defendants affix the confidential designation in a prominent place on the exterior of the container or containers in which the information or item is stored.

/ / /

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Defendants' right to secure protection under this Order for such material. Upon timely correction of a designation, Plaintiff must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6. DESIGNATING PROTECTED MATERIAL**

6.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

6.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only

a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

/ / /

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

    7.1    <u>Basic Principles</u>. The Parties may use Protected Material that is disclosed or produced in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, Parties must comply with the provisions of section 9 below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by the Parties at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2    <u>Disclosure of Protected Material</u> Unless the Court Orders otherwise, Protected Material and the information contained therein may be disclosed only to the following persons:

    (a) Counsel of record and the named parties;

    (b) Paralegal, attorney, stenographic, clerical, and secretarial personnel employed by counsel of record;

    (c) The court and its personnel;

    (d) Stenographic reporters and videographers engaged in such proceedings that are incidental to preparation for the trial in this action;

    (e) Any outside expert or consultant retained by the parties for purposes of this litigation;

    (f) Witnesses to whom the documents and the information contained in the documents may be disclosed during, or in preparation for, a deposition taken in this matter, or otherwise during the preparation for trial and during trial, provided that the witness may not leave any deposition with copies of any of the confidential documents, and shall be informed of and shall agree to be bound by the terms of this order;

    (g) Any person expressly named and agreed to in writing by the parties.

    (h) Notwithstanding the foregoing, protected health information may be disclosed to the person about whose health the information refers.

/ / /

Stipulated Protective Order

8

(i) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order or as agreed by the Designating Party.

7.3 Nothing in this protective order is intended to prevent officials or employees of the County of Madera, or other authorized government officials, from having access to confidential documents to which they would have access in the normal course of their official duties.

7.4 Confidential information produced pursuant to this Protective Order may not be delivered, exhibited, emailed, texted or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization, including but not limited to radio, television, social and electronic media sites such as Twitter, Instagram, Facebook and Linkedin.

7.5 No information shall lose its confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order. In addition, any information that is designated confidential and produced by the Defendants does not lose its confidential status due to any inadvertent or unintentional disclosure.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in any other litigation that compels disclosure of any information or items designated in this action as Protected Material that Party must:

(a) Promptly notify in writing the Defendants. Such notification shall include a copy of the subpoena or court order;

/ / /

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Defendants who's Protected Material may be affected.

If the Defendants timely seek a protective order, the Parties shall not produce any information designated in this action as Protected Material before a determination by the court from which the subpoena or order issued, unless the Parties have obtained the Defendants' permission. The Defendants shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Party in this action to disobey a lawful directive from another court.

## 9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

(a) With the exception of disclosure pursuant to paragraphs 5.2(a), (b), (c), and (h) above, each person to whom the parties' counsel discloses confidential information or Protected Material shall, prior to the time of disclosure, be provided with a copy of this Protective Order and shall sign the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

(b) Plaintiffs' and Defendants' counsel, including paralegal, stenographic, clerical, and secretarial personnel employed by counsel of record shall not make copies of the confidential documents, or provide originals to anybody, except as necessary for purposes of this litigation, including appeals. Plaintiffs' and Defendants' counsel are responsible to ensure that these individuals comply with this protective order.

(c) If a Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Party must immediately (a) notify the Defendants in writing of the unauthorized disclosure(s), (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosure(s) were made of all the terms of this

Protective Order and provide them with a copy, (d) request that person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10. <u>MISCELLANEOUS</u>**

    10.1   <u>Right to Assert Other Objections</u>. With the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    10.2   <u>Filing Protected Material</u>. All Protected Material that is filed with the Court shall be filed with a request to seal documents in accordance with Eastern District of California Local Rule 141. Upon failure of the filing party to file confidential documents under seal in accordance with Local Rule 141, any party may request that the Court place the document under seal.

**11. <u>FINAL DISPOSITION</u>**

Within 60 days after the final disposition of this action, as defined in Section 3, Plaintiffs must return all Protected Material to Defendants or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, Plaintiffs must submit a written certification to the Defendants by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that Plaintiffs have not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product,

///

///

even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3 (DURATION).

Dated: July 17, 2018

THE LAW OFFICES OF JOHN BURTON
HADDAD & SHERWIN LLP

*/s/ John Burton*

JOHN BURTON
Attorneys for Plaintiff
ROSEANNA PAGE

Dated: July 17, 2018

WEAKLEY & ARENDT, PC

*/s/ James Arendt*

JAMES ARENDT
MICHELLE SASSANO
Attorneys for Defendants
COUNTY OF MADERA, MADERA COUNTY DEPARTMENT OF CORRECTIONS, MADERA COUNTY DEPARTMENT OF MENTAL HEALTH, OFFICER VERNON LESAGE, OFFICER MASON GARRETT

Dated: July 17, 2018

GOYETTE & ASSOCIATES, INC., APC

*/s/ Gary G. Goyette*

GARY G. GOYETTE
HEATHER PHILLIPS
Attorney for Defendant
CORPORAL JORGE CAMPOS

Dated: July 17, 2018

BERTLING & CLAUSEN LLC

*/s/ Jemma Saunders*

JEMMA SAUNDERS
Attorney for Defendant
CALIFORNIA FORENSIC MEDICAL GROUP, INC.

## **ORDER**

Pursuant to the above stipulation, and good cause appearing, the stipulated protective order is hereby adopted.

IT IS SO ORDERED.

Dated: **July 18, 2018**        /s/ *Eric P. Grosjean*
                        _____
                        UNITED STATES MAGISTRATE JUDGE

# EXHIBIT "A"

Stipulated Protective Order

James J. Arendt, Esq.    Bar No. 142937
Michelle E. Sassano, Esq.    Bar No. 232368

Weakley & Arendt
A Professional Corporation
1630 East Shaw Ave., Suite 176
Fresno, California 93710
Telephone: (559) 221-5256
Facsimile: (559) 221-5262
James@walaw-fresno.com
Michelle@walaw-fresno.com

Attorneys for Defendants, County of Madera, Madera County Department of Corrections, Madera County Department of Health, Officers V. Le Sage and M. Garrett

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEANNA PAGE, Individually and as the Successor in Interest for LAFAYETTE PAGE, Deceased,<br><br>    Plaintiffs,<br><br>vs.<br><br>COUNTY OF MADERA, MADERA COUNTY DEPARTMENT OF CORRECTIONS, MADERA COUNTY DEPARTMENT OF MENTAL HEALTH, CORPORAL J. CAMPOS (2998), CORRECTIONS OFFICERS V. LE SAGE (30407), AND M. GARRETT (30521), CALIFORNIA FORENSIC MEDICAL GROUP, INC. (CFMG), and DOES 1 to 100,<br><br>    Defendants. | CASE NO. 1:17-CV-00849-DAD-EPG<br><br>**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND REGARDING STIPULATED PROTECTIVE ORDER**<br><br>[Court Doc 41] |

I have read and understand the Stipulated Protective Order filed July 17, 2018, and agree to abide by the terms set forth therein.

DATED: _____

                                                              Signature

                                                              Print Name